UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 15-261-HRW

LISA MCGRATH,                                                    PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on January 2, 2014, alleging disability beginning on May 6, 2013, due to migraines, depression, neck, shoulder and arm pain as well as depressive disorder (Tr. 312). It was denied initially, upon reconsideration and finally by an Administrative Law Judge (ALJ) on September 19, 2014. ®. 142). An appeals was filed with the Appeals Council and review was granted on January 8, 2015. ®. 162). After a second hearing before the ALJ, another denial was issued on May 18, 2015. ®. 12). The Appeals Council denied review on July 31, 2015. ®. 1)

As

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

Plaintiff was 52 years old when she applied for benefits. She has a high school education education (Tr. 313). Her past relevant work experience consists of work as a secretary and office manager (Tr. 313).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 17).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, migraines, osteoarthritis, obesity and an effective disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 17-18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 25) but determined that she has the residual functional capacity ("RFC") to perform a limited range of medium work with additional limitations as set forth in the hearing decision (Tr. 21-25).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 26).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

Plaintiff seeks a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).

Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in identifying Plaintiff's severe impairments ; (2) the ALJ improperly Plaintiff's credibility and (3) the ALJ did not properly weight the medical opinion evidence.

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not identify her anxiety and depression as "severe" at Step 2 of the sequential evaluation. However, this argument is largely academic, as the ALJ went on to complete the remaining steps of the sequential evaluation process. AS such, that some of Plaintiff's impairments were not deemed "severe" is legally irrelevant. *See Underwood v. Commissioner,* 2015 WL 8491487 (S.D. Ohio 2015).

Plaintiff also alleges error as to the ALJ's assessment of her credibility. Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security,* 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record. Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services,* 801 F.2d 847, 852-853 (6th Cir. 1986).

Plaintiff seems to assert that certain findings, which she does not specify, with regard to her range of motion call into question the ALJ's finding that her allegations of disabling symptoms were "not entirely credible." Yet, a review of the decision reveals that the ALJ considered the medical evidence which undermined Plaintiff's claims (Tr. 22). For example, while Plaintiff complained of arm weakness, the ALJ accurately noted that the record did not support these complaints (Tr. 22). A nerve conduction showed only mild median neuropathy in Plaintiff's right wrist (Tr. 702). Plaintiff regularly had normal strength in not just her arms, but also her legs (Tr. 449, 455, 492, 639, 644, 647, 652, 742, 747, 752, 779). While Plaintiff claimed that she could not move her neck without terrible pain, the medical records showed that she had full range of motion in her neck (Tr. 449, 699, 703, 792, 794, 795, 796). Despite claiming she could not stand more than 10 minutes, Plaintiff's gait and posture were normal throughout the record (Tr. 449, 455, 465, 479, 639, 794, 795, 796). While the ALJ acknowledged the record also contained some evidence of musculoskeletal problems (Tr. 22), the evidence did not support Plaintiff's claims about her limitations, and the ALJ reasonably considered these normal examination findings which undermined her complaints (Tr. 21-24).

The Court finds no error in this regard. This was substantial evidence supporting the ALJ's determination that Plaintiff was not as limited by her impairments as she claimed. *See Crouch v. Sec'y of Health & Human Servs.*, 909 F.2d 852, 856-57 (6th Cir. 1990) (minimal clinical findings and absence of significant neurological deficits support rejection of allegation of disabling pain). To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here,

the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.)

Finally, Plaintiff questions the ALJ's consideration of the medical opinions. Specifically, she argues it was improper for the ALJ to reject the opinions of treating sources John M. Horn, M.D., Pion Zieba, M.D. and Pam Noble, MS in favor of consultative physicians.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such

instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

Dr. Horn, Plaintiff's primary care physician, completed a Physical Residual Functional Capacity assessment in which he opined that Plaintiff had significant limitations in her ability to sit and stand or walk, and also could not lift more than 10 pounds; furthermore, she would have difficulty twisting and bending at the waist and would be absent from work four or five days a month (Tr. 676-79). Yet, as the ALJ noted, Dr. Horn's treatment notes, particularly those which are from the appointments immediately prior to the aforementioned assessment. Dr. Horn does not refer to problems with sitting, standing, walking, or strength (Tr. 438, 440-41, 442-43, 705-06 and 708-09). Further, the ALJ noted that Dr. Horn's opinion of dire limitation was at odds with a significant amount of evidence in the record showing only moderate limitation.

That the ALJ gave more weight to the opinion of state agency physician, P. Sangara, M.D. is not, in and of itself, reversible error. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 651 (6th Cir. 2006). In this instance, the ALJ noted that Dr. Sangara's opinion was consistent withe the largely normal

7

physical examinations. *See* 20 C.F.R. § 404.1527(c)(4) (opinions that are consistent with the record are entitled to more weight).

Plaintiff also takes issue with the ALJ's evaluation of opinions about her mental functioning (Tr. 12-14). Dr. Horn opined that Plaintiff had marked limitations in her ability to deal with the normal stresses of competitive employment (Tr. 675). Pamela Noble, Plaintiff's licensed clinical social worker, wrote that Plaintiff had poor to no ability to deal with the public or work stress, function independently, maintain attention and concentration, handle detailed job instructions, behave in an emotionally stable manner, or relate predictably in social situations (Tr. 736-38). And Dr. Piotr Zieba assessed similar mental limitations in additional areas (Tr. 670-72). However, as the ALJ observed, these opinions were not supported by the objective medical record (Tr. 25).

While Plaintiff has been observed to be depressed and anxious (*see, e.g.*, Tr. 541), as well as having a flat affect (*see, e.g.*, Tr. 438), the assessments of her mental functioning have also generally shown Plaintiff to be "oriented/alert" (Tr. 541), be interactive interpersonally (Tr. 544), have an "intact" functional status (Tr. 546), often with an "appropriate" affect (Tr. 657). These findings indicate some functional limitations, as the ALJ found (*see* Tr. 21 (imposing mental limitations in the residual functional capacity finding)). Yet they do not support the extreme opinions issued by Ms. Noble, Dr. Horn, and Dr. Zieba. For example, Ms. Noble assessed that Plaintiff was improving with treatment (Tr. 555-61). Again, this Court's task is to determine if substantial evidence supports the ALJ's decision. That there is substantial evidence which could support an opposite conclusion is of no moment, so long as substantial evidence supports the conclusion reached by the ALJ. Here, the ALJ enumerated reasons for discounting the opinions

of Plaintiff's treating sources and his analysis withstands scrutiny.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 15th day of September, 2016.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge